area, barriers attributed to the order challenged, adversely affect the economy of the State.[2] Minnesota asserts no proprietary interest which is adversely affected, or any impact of the order upon her apart from her position as *parens patriae*. The District Court granted the Secretary's motion to dismiss the complaint on the ground that Minnesota lacked standing to sue as *parens patriae*.

Under the decisions of the Supreme Court in Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078, and State of Florida v. Mellon, 273 U.S. 12, 47 S.Ct. 265, 71 L.Ed. 511, and notwithstanding the reliance by Minnesota for a contrary view upon State of New York v. United States, D.C., 65 F.Supp. 856, 872, affirmed 331 U.S. 284, 67 S.Ct. 1207, 91 L.Ed. 1492, we are of the view that the United States rather than Minnesota occupies the relationship of *parens patriae* to those who are said here to be adversely affected or aggrieved by this order issued by the Secretary in his capacity as an official of the United States acting under the authority of federal legislation. See also Jones ex rel. State of Louisiana v. Bowles, 322 U.S. 707, 64 S.Ct. 1043, 88 L.Ed. 1551. While the actions of the States in Massachusetts and Florida challenged, respectively, the constitutionality of federal statutes and not their administration,[3] we think the principles of the decisions apply to the present case; for in his order here challenged the Secretary purports to effectuate through the Agricultural Marketing Agreement Act of 1937 an exercise by Congress of its plenary constitutional power to regulate interstate commerce. United States v. Wrightwood Dairy Co., 315 U.S. 110, 119, 62 S.Ct. 523, 86 L.Ed. 726. The case is quite different from State of Georgia

v. Pennsylvania R. Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051. And in State of New York v. United States, supra, while the action challenged the validity of rate orders of the Interstate Commerce Commission, which also must ultimately rest upon the Commerce Clause, U.S.Const. art. 1, § 8, cl. 3, those orders appear to have regulated the area of the State of New York as a locality subject as such to the orders, and they applied to the State as a shipper as well.

Affirmed.

**William H. PERRY, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**Alonzo CRAWFORD, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**Nos. 15278, 15282.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 28, 1960.

Decided Feb. 4, 1960.

Mr. T. Emmett McKenzie, Washington, D. C., for appellants.

---

2. The Attorney General is charged by State statute with the responsibility and duty of seeking judicial relief from unlawful regulatory action which burdens interstate trade. Minn.Stat.Ann. § 8.13 (Supp.1958).

3. An examination of the complaint in Bowles, however, shows not only that it

attacked the Price Control Act as violative of the Due Process Clause of the Fifth Amendment, but also that it attacked certain orders of the Administrator, Bowles, as violative of the Act itself. See file of the case in the office of the Clerk of the Supreme Court.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief for appellee.

Before EDGERTON, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

These appeals are from convictions for violations of the lottery laws. We find no error.

### Clayborne BYNUM, Appellant

v.

### UNITED STATES of America, Appellee.

### No. 15373.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 14, 1959.

Decided Jan. 7, 1960.

Petition for Rehearing En Banc Denied Jan. 26, 1960.

Mr. Henry L. Johnson, Jr., Washington, D. C., for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

In Bynum v. United States, 104 U.S. App.D.C. 368, 262 F.2d 465, we reversed the conviction of the present appellant on an indictment for the same crime of which he now stands convicted on a new indictment, resulting in the judgment on appeal. Our reversal rested upon the use by the prosecution of a fingerprint of appellant obtained as a product of his unlawful arrest. On the trial now under review the fingerprint so obtained was not used; instead, an older fingerprint in the files of the Federal Bureau of Investigation, in no way connected with the unlawful arrest, was used for purposes of comparison. There was competent evidence from which the jury could conclude that the Government's expert obtained a fingerprint from the scene of the crime and that both it and the fingerprint from the files of the Federal Bureau of Investigation were those of appellant.

There being no error in the respect which led to our prior decision, above referred to, or otherwise affecting substantial rights of the appellant, the judgment of conviction is accordingly

Affirmed.